FILED
United States Court of Appeals
Tenth Circuit

March 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TAJUAN CARVELL BROOKS,

      Defendant-Appellant.

No. 12-3303
(D.C. No. 5:11-CR-40030-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

      This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Tajuan Carvell Brooks's plea agreement. The

defendant pleaded guilty to possession with intent to distribute a controlled substance

and related firearms offenses. Pursuant to his plea agreement, the defendant waived

"any right to appeal . . . any matter in connection with [his] prosecution, [his]

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction, or the components of the sentence to be imposed herein." Attach. to Mot. to Enforce (Plea Agreement) at 15. The plea agreement was entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C), with the parties agreeing to a proposed sentence of 120 months' imprisonment. *See* Attach. to Mot. to Enforce (Plea Agreement) at 13. Consistent with the plea agreement, the district court sentenced the defendant to 120 months' imprisonment. *Id.* (Sentencing Tr.) at 60. As to his sentence, defendant waived in the plea agreement "any right to appeal a sentence imposed which is consistent with this agreement," preserving only "the right to appeal the sentence imposed . . . to the extent, if any, the court departs upwards from the agreement." *Id.* (Plea Agreement) at 16.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant's counsel stated that there are no non-frivolous bases on which to contest the motion. *See Anders v. California*, 386 U.S. 738, 744 (1967). This court gave the defendant an opportunity to file a pro se response to the motion to enforce. *See id.* To date, the defendant has not filed a response.

Under *Anders*, we have reviewed the motion and the record and we conclude that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325

(describing factors the court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we grant the motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam